JENKINS, Senior District Judge,
concurring in part and dissenting in part.
I agree with much of what the lead opinion says. I depart only as to three issues.
*951 Constitutionality of Denver Mun.Code art. I, § 3-1
The lead opinion affirms the district court’s declaration that “the Posting Ordinance (Denver, Colo. Mun.Code art. I, § 3-1 [1950]) is unconstitutional as applied to plaintiffs protesting activities on the Perry Street Overpass and cannot be enforced to prevent plaintiff from engaging in those activities.” Faustin v. City & County of Denver, 104 F.Supp.2d 1280, 1290 (D.Colo.2000).[1]
The first step in deciding whether a statute or ordinance is unconstitutional is to determine whether a genuine conflict exists between the statute or ordinance and the constitutional text. See, e.g., Public Citizen v. Department of Justice, 491 U.S. 440, 465, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989) (“ ‘[E]ven if a serious doubt of constitutionality is raised, it is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided.’ ” (quoting Crowell v. Benson, 285 U.S. 22, 62, 52 S.Ct. 285, 76 L.Ed. 598 (1932))); ANR Pipeline v. Lafaver, 150 F.3d 1178, 1186-87 n. 8 (10th Cir.1998) (“[FJederal courts should avoid reaching the merits of a constitutional issue when the case may be decided on statutory grounds.”).
Section 3-1 extends only to signs or banners that are “posted” — -physically painted, attached, or affixed to public property. The district court acknowledged this. 104 F.Supp.2d at 1288 (“the terms of the statute punish only physical attachment of notices to other property”). Section 3-1 thus cannot be applied to Ms. Faustin’s conduct in displaying her banner unless she “posts” the banner by affixing it to the overpass structure. She has expressed no inclination to do that.
When read according to its plain language, § 3-1 simply does not reach Ms. Faustin’s expressive activity, and no genuine conflict exists between the ordinance and the Constitution’s guarantee of free expression. The district court need not have decided whether § 3-1 is “unconstitutional as applied” because § 3-1 simply cannot be “applied” to Ms. Faustin’s conduct. There existed no actual controversy as to the application of § 3-1 warranting the declaratory relief granted by the district court and now affirmed by the panel.[2]
The district court’s declaratory judgment as to the unconstitutionality of § 3-1 should be vacated.
Damages Liability for the § 3-1 Citation
Municipalities may be held liable for violations of civil rights under § 1983 if such violations result from the “execution of a government’s policy or custom.” Monell v. Dept. of Soc. Serv. City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Denver is correct that the district court erred to the extent *952 that it granted summary judgment in favor of Ms. Faustin on the theory that Denver is liable in damages for violating her constitutional right to free expression pursuant to a policy, practice, or custom of charging Ms. Faustin and others with violating § 3-1.[3] The uncontroverted facts set forth in the district court’s opinion do not establish the existence of a city policy, practice, or custom to enforce § 3-1 against Faustin and others-an ordinance that Denver readily concedes does not apply to her conduct. Ms. Faustin received one citation issued by one officer, which was dismissed by the city two months after it was issued.. See 104 F.Supp.2d at 1283.[4]
The lead opinion acknowledges that this issue was raised on this appeal, but offers no explanation why the district court’s error should now be overlooked.
Absent a showing of a constitutional violation that occurred as a matter of municipal policy, practice or custom, it remains doubtful whether Ms. Faustin is entitled to judgment as a matter of law on the § 1983 claim against Denver for damages — even nominal damages-involving § 3-1 and the issuance of the August 7, 1998 citation. Yet that is what the lead opinion appears to affirm.
Denver’s “Policy, Practice, or Custom” re: Overpasses
The district court ruled that Denver’s “blanket prohibition on all expressive activities on any overpass makes the Unauthorized Display Statute impermissibly overbroad,” rendering the statute unconstitutional. Id. at 1289 (emphasis in original). The lead opinion reverses the district court’s grant of summary judgment as to the Colorado Unauthorized Display Statute, Colo.Rev.Stat. § 42-4-606, on the grounds that Ms. Faustin lacks standing to challenge the statute. I concur in this court’s reversal of that judgment.
However, we remand the case for further proceedings concerning Denver’s “longstanding policy of prohibiting all speech and expressive activity on highway overpasses,” a policy that was recognized but not separately addressed by the district court. 104 F.Supp.2d at 1288, 1289 (emphasis in original). Defendants admit this policy exists, and assert that the policy “mirrors” state and federal laws regarding signs on highways, pointing specifically to Colo.Rev.Stat. § 42-4-606. (Appellants’ Brief at 8.)
The lead opinion treats the city policy as a policy, not merely as an official construction of the statute, and likely is correct in doing so. City policies may be subject to First Amendment challenge, as Hawkins instructs. Hawkins v. City and County of Denver, 170 F.3d 1281, 1287 (10th Cir.1999).
However, the lead opinion affords Ms. Faustin standing to challenge the city policy for overbreadth at the same time that it denies her standing to challenge the underlying statute on the same grounds, mirror image or not. In her brief, Ms. *953 Faustin makes substantially the same overbreadth argument as to the policy that she makes as to § 42-4-606. (Compare Appellee’s Brief at 26-28, with id. at 35-36, 40-41.)
Moreover, it does not appear from the record now before us that Ms. Faustin actually pleaded any First Amendment challenge to the policy as a policy before the district court. Perhaps such a claim could be amended into her existing pleadings, but to date, this has not been done. Amendment of pleadings falls within the purview of the district court under Fed. R.Civ.P. 15. No comparable Federal Rule of Appellate .Procedure empowers this court to allow such amendment, or to rule in the first instance on standing to assert claims not pleaded below. See Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991).
It seems to me that this court should remand the question of Ms. Faustin’s standing to challenge the policy based on her asserted ground of overbreadth[5] to be determined in the first instance by the district court, based upon proper pleadings and an adequate record. See Phelps v. Hamilton, 122 F.3d 1309, 1326 (10th Cir.1997) (“‘[i]t is a long settled principle that standing alone cannot be “inferred argumentatively from averments in the pleadings,” but rather “must affirmatively appear in the record.” ’ ”) (quoting FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) (citations omitted)). The district court was not presented with a challenge to the city policy, separate and apart from the Posting Ordinance or the statute, at the time that it ruled on the parties’ summary judgment motions, and should have the first opportunity to address the question of standing as raised in that context.

. As described above, Ms. Faustin was issued a citation under the Denver Posting Ordinance, Denver Mun.Code, art. I., § 3-1 that a prosecuting attorney later determined to have been improvidently issued. By its own terms, § 3-1 did not apply to Ms. Faustin’s conduct because she did not "post” her banner by affixing it to any public property. The citation was dismissed prior to trial.

. The question whether § 3-1 is "unconstitutional as applied to plaintiff’s protesting activities,” 104 F.Supp.2d. at 1290, is distinct from whether the defendants infringed on her First Amendment rights on August 7, 1998 by issuing her a citation under an inapplicable ordinance. F.E.R. v. Valdez, 58 F.3d 1530, 1533 (10th Cir.1995), involved declaratory relief on an issue of the latter sort, "whether a past constitutional violation occurred,” not declaratory relief on the broader question of unconstitutionality of a statute or ordinance, as was granted by the district court in this case.

. The district court granted summary judgment in Faustin’s favor because it found that her constitutional rights were violated “by defendants’ application of the Posting Ordinance,” 104 F.Supp.2d at 1288, implying that the defendant City and County of Denver must have had a policy, custom or practice of applying § 3-1, even though none appears in the record.

. It appears that she has sued the issuing officer, Sgt. W.P. Honer, in "his official capacity as an officer of the Denver Police Department.” Remembering that an action against a government official in his official capacity is an action against the government entity he represents, Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), the recovery even of nominal damages in this case seems problematic.

. (See Appellee’s Brief at 28 (Denver's “policy is not narrowly tailored, and thus is unconstitutionally overbroad”).) The portion of the complaint quoted by the lead opinion alleges that the four incidents of contact with individual officers ending with the issuance of the § 3-1 citation "constitute a policy, custom, or practice of the Denver Police Department”— an obvious attempt to plead § 1983 municipal liability for the actions of the individual officers rather than a facial challenge to a content-neutral city policy affecting all expressive activities on overpasses. Plaintiff’s claim seems to be evolving as this appeal progresses.